# IN THE COURT OF APPEALS OF IOWA

No. 16-1747
Filed May 2, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CALEB A. DORMIRE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


        Caleb Dormire appeals following his conviction of second-degree sexual

abuse.  **AFFIRMED.**


        Kent A. Simmons, Bettendorf, for appellant.

        Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant

Attorney General, for appellee.


        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Caleb Dormire appeals following his conviction of second-degree sexual abuse. He first argues the court erred in denying his motion to dismiss because the trial information was filed more than forty-five days after he was taken into custody, in violation of his right to a speedy indictment. We review this claim for correction of errors at law. *See State v. Williams*, 895 N.W.2d 856, 860 (Iowa 2017).

On the evening of December 16, 2014, a law enforcement officer stopped Dormire's vehicle while investigating a report of sexual assault. Dormire was searched for weapons, placed in the backseat of a patrol car, and informed of his *Miranda* rights. Dormire agreed to answer questions at the police station and consented to a physical search and confiscation of his clothing for DNA testing. During the night, he was repeatedly told he was not under arrest.

The DNA samples were sent to a lab for analysis in January 2015, and the results of testing were not received until August 2015. The results led to the issuance of a warrant for Dormire's arrest. He was formally arrested on October 7, 2015, and on November 4, 2015, the State filed a trial information that charged Dormire with second-degree sexual abuse.

Dormire moved to dismiss the charge, alleging the State had violated Iowa Rule of Criminal Procedure 2.33(2)(a), which states:

> When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

Dormire alleged he was arrested on December 16, 2014, nearly a year before the State filed the charge against him. He relied on *State v. Wing*, 791 N.W.2d 243, 247-49 (Iowa 2010), which held the clock begins to tick on a speedy-indictment claim when a reasonable person in the defendant's position would have believed an arrest occurred—regardless of whether the defendant is arrested under the conditions required by statute.[1] The district court denied the motion, finding a reasonable person in Dormire's position, "having been advised by three officers that he was not under arrest and was free to leave at any time, would have understood that he was not under arrest." The matter proceeded trial, a jury found Dormire guilty, and Dormire filed a notice of appeal.

After Dormire filed this appeal, the supreme court overruled *Wing*. *See State v. Williams*, 895 N.W.2d 856, 867 (Iowa 2017). The court held:

> Arrest for the purposes of the speedy indictment rule requires the person to be taken into custody in the manner authorized by law. The manner of arrest includes taking the arrested person to a magistrate. The rule is triggered from the time a person is taken into custody, but only when the arrest is completed by taking the person before a magistrate for an initial appearance.

*Id.* In his brief, Dormire argues that because his trial counsel raised the speedy-indictment claim under *Wing*, we are obligated to apply the rationale of *Wing* in analyzing whether the speedy-indictment rule was violated.

"[J]udicial decisions generally operate retroactively and prospectively, and we apply the law to a case that exists at the time the case comes before us." *Casey's Gen. Stores, Inc.*, 661 N.W.2d 515, 525 (Iowa 2003). Our supreme court's

---

[1] Dormire also cited *State v. Williams*, No. 14-0793, 2016 WL 146197 (Iowa Ct. App. Jan. 13, 2016). After Dormire filed his appeal, the court of appeals opinion was vacated on further review by the supreme court in *Williams*, 895 N.W.2d at 867.

construction of a statute "is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *State ex rel. Miller v. Pace*, 677 N.W.2d 761, 772 (Iowa 2004) (quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994). Although Dormire notes, however, that in overruling its prior decisions, our supreme court has the power to apply a new rule prospectively only, *see Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016), the court did not declare a prospective-only application in *Williams*. As of yet, the supreme court has not addressed how the *Williams* holding should be applied. Without a statement that the decision is to operate prospectively only, we will apply *Williams* retroactively. *See In re Estate of Nicolaus*, 366 N.W.2d 562, 566 (Iowa 1985) (retroactively applying a holding overruling prior decisions because "[n]othing . . . indicates that it is restricted to prospective operation"). Applying the *Williams* holding here, there was no violation of the speedy-indictment rule, and we therefore affirm the order denying Dormire's motion to dismiss.

Dormire also contends his trial counsel provided ineffective assistance in several respects concerning testimony that he believes violated the court's rulings on his motions in limine. Dormire's first motion in limine sought to exclude evidence concerning his character or criminal history and his third motion in limine sought to exclude "[a]ny attempted admission of and/or testimony regarding" certain photographs depicting marijuana. When the complaining witness was asked at trial if Dormire was going to pay her to watch his house while he was away, she testified that Dormire said he was going to give her marijuana in exchange for it. Outside the jury's presence, Dormire's trial counsel objected to the testimony as a violation of the court's rulings. The trial court ruled that the third

motion in limine did not extend beyond the photographic evidence. The court found the evidence could potentially damage Dormire but would also damage the witness's testimony and would not be particularly damaging to the defense. Dormire argues that counsel was ineffective by failing to move for a mistrial and request the jury be instructed to disregard the evidence. He also argues counsel was ineffective by failing to better frame the motion in limine to include all references to marijuana.

We review ineffective-assistance claims de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). In order to establish ineffective assistance of counsel, Dormire must show by a preponderance of the evidence that his counsel failed to perform an essential duty and that failure prejudiced him. *See id.* Generally, we reserve claims of ineffective assistance of counsel for postconviction proceedings to allow the record to be developed on various issues. *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). Preserving a claim of ineffective assistance is particularly important "where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012) (citation omitted). Accordingly, we preserve Dormire's ineffective-assistance claim for a possible postconviction proceeding to allow full development of the record.

**AFFIRMED.**